Matter of D.W. v D.W. (2025 NY Slip Op 05484)

Matter of D.W. v D.W.

2025 NY Slip Op 05484

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Docket No. O-01750/21, O-01745/21|Appeal No. 4869|Case No. 2025-01203, 2025-01204|

[*1]In the Matter of D.W., Petitioner-Appellant,
v
D.W. et al., Respondents-Respondents.

Larry S. Bachner, New York, attorney for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.

Orders, Family Court, New York County (Pamela B. Scheininger, Ref.), entered on or about February 5, 2025, which dismissed the family offense petitions against respondents without prejudice, unanimously affirmed, without costs.
Although Family Court found that respondents' actions constituted the family offense of disorderly conduct (Penal Law § 240.20), the court did not abuse its discretion in finding that an order of protection was not warranted under the circumstances.
The record shows that petitioner never made any specific claims that she feared continued violence from respondents. The record also shows that respondents never violated the temporary order of protection in the two-and-a-half years the underlying proceeding was pending.
We reject petitioner's suggestion that this Court should substitute its own findings for that of Family Court; "it cannot be said that [Family Court's] determination could not be reached under any fair interpretation of the evidence" (Yoba v Yoba , 183 AD2d 418, 418 [1st Dept 1992]).
Contrary to petitioner's contention, Family Court did not terminate the proceedings prematurely as there is no dispute that respondents testified in support of their direct case before the court dismissed the petitions. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025